Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000571
28-JUN-2013
08:11 AM

NO. CAAP-13-0000571

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE TAX APPEAL OF TRAVELOCITY.COM, LP,
Taxpayer-Appellant, and consolidated cases

APPEAL FROM THE TAX APPEAL COURT
STATE OF HAWAI'I

(T.A. NOS. 11-1-0021; 11-1-0022;
11-1-0023; 11-1-0026; 11-1-0027; 11-1-0029;
11-1-0030; 11-1-0031; 11-1-0032; 11-1-0033; 12-1-0287;
12-1-0288; 12-1-0289; 12-1-0292; 12-1-0293; 12-1-0294;
12-1-0295; 12-1-0297; 12-1-0299; and 12-1-0300)

ORDER DISMISSING APPEAL FOR
LACK OF APPELLATE JURISDICTION WITHOUT PREJUDICE
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears Taxpayers-
Appellants Travelocity.com, L.P., Site59.com LLC, Hotwire, Inc.,

Hotels.com, L.P., Orbitz, LLC, Internetwork Publishing Corp., Trip Network, Inc., Travelweb LLC, Expedia, Inc., and Priceline.com, Inc. (Appellants), appeal from the following interlocutory orders entered by the tax appeal court in the consolidated tax appeal cases in Tax Appeal No. 11-1-0021:

    (1) Order Granting in Part and Continuing in Part Director of Taxation, State of Hawai'i's Motion for Partial Summary Judgment on General Excise Tax Assessments, filed February 8, 2013; and

    (2) Order Denying Appellants' Motion for Reconsideration of the Order Granting in Part and Continuing in Part Director of Taxation, State of Hawai'i's Motion for Partial Summary Judgment on General Excise Tax Assessments, Entered February 8, 2013, filed April 1, 2013.

As explained below, the court lacks jurisdiction because the tax appeal court has not yet entered its final decision in the consolidated tax appeal cases.

HRS § 232-19 (Supp. 2012) authorizes an aggrieved party to appeal to this court from a tax appeal court's "decision":

> Any taxpayer or county aggrieved or the assessor may appeal to the intermediate appellate court, subject to chapter 602, from the <u>decision</u> of the tax appeal court by filing a written notice of appeal with the tax appeal court and depositing therewith the costs of appeal within thirty days after the filing of the decision. The appeal shall be considered and treated for all purposes as a general appeal and shall bring up for determination all questions of fact and all questions of law, including constitutional questions, involved in the appeal. A notice of appeal may be amended at any time up to the final determination of the tax liability by the last court from which an appeal may be taken. The appellate court shall enter a judgment in conformity with its opinion or decision.
> All such appeals shall be speedily disposed of and, in the hearing and disposition thereof, shall be given preference over other litigation in the discretion of the court.

(Emphasis added). Although HRS § 641-1(a) (1993 & Supp. 2012) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) require a circuit court to reduce all dispositive orders in a

-2-

civil case to a separate judgment to perfect an aggrieved party's right to assert an appeal, <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (<u>Jenkins</u>), the separate judgment rule does not apply to appeals from the tax appeal court, <u>Alford v. City & County of Honolulu</u>, 109 Hawai'i 14, 21-22, 122 P.3d 809, 816-17 (2005) (<u>Alford</u>); <u>Lewis v. Kawafuchi</u>, 108 Hawai'i 69, 73, 116 P.3d 711, 715 (App. 2005). Nonetheless, "consistent with the general rule of finality governing appeals, the appealable 'decision of the tax appeal court,' HRS § 232-19, should be the <u>decision that finally decides all issues in the tax appeal</u>." <u>Alford</u>, 109 Hawai'i at 22, 122 P.3d at 817 (emphasis added). Consequently, in an appeal from consolidated tax appeal cases, the tax appeal court must finally decide all issues in each consolidated case before any party may obtain appellate review of any tax appeal court decision. <u>Id.</u> at 23, 122 P.3d at 818. In circumstances where, as here, the separate judgment rule in HRCP Rule 58 and holding in <u>Jenkins</u> are inapplicable, the Hawai'i Supreme Court explained that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from [HRCP] 54(b) that the orders collectively constitute a final judgment and . . . entry of the last of the series of orders gives finality and appealability to all.

<u>S. Utsunomiya Enter., Inc. v. Moomuku Country Club</u>, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks & emphases omitted).

We recently dismissed a related appeal filed by Respondent-Appellee Director of Taxation, State of Hawai'i, for lack of jurisdiction because the tax appeal court has not yet

entered a final decision that resolves all remaining issues in these consolidated tax appeal cases. In re Travelocity.com, LP, CAAP-13-0000146, Dkt. No. 154 (Jun. 7, 2013 order dismissing appeal for lack of appellate jurisdiction without prejudice). We noted the tax appeal court indicated in its March 15, 2013 minute order that it has not yet entered its final decision through a judgment that will resolve the last remaining issues in the consolidated tax appeals, such as penalties relating to general excise tax assessments. Moreover, in the "Order Denying in Part and Granting in Part Appellants' Motion to Stay Entry of Remaining Orders and Judgment, Filed on April 4, 2013," filed May 22, 2013, the tax appeal court clarified that its prior orders were executory and interlocutory, and not final. The tax appeal court further explained its intent to enter in the future an order and judgment that together would constitute its final decision with respect to Appellants' liability for general excise tax assessments, penalties, and interest, and non-liability for transient accommodations taxes; and that "no appealable final decision shall exist with respect to the General Excise Tax or the Transient Accommodations Tax prior to that time." We determined that absent the tax appeal court's final decision that resolves all remaining issues in these consolidated tax appeal cases, we lacked jurisdiction over that appeal. The same result should obtain here. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000571 is dismissed for lack of jurisdiction without prejudice to an aggrieved party asserting a timely appeal from

-4-

the tax appeal court's final decision in the underlying consolidated tax appeal cases.

DATED: Honolulu, Hawai'i, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge